7898

STATE v. WELDON.

APPEAL.—Where it appears the appellant in a murder case presents matters not presented to the trial Court, this Court will overlook all irregularities and remand the case to the Circuit Court to report fully on all matters referred to in the record.

Before GEORGE BROWN, Special Judge, Florence. Case remanded.

Indictment against Alex. Weldon and William Bur-
roughs.  Defendants appeal.

*Messrs. W. F. Clayton* and *Willcox & Willcox,* for appel-
lants.

*Solicitor Walter H. Wells,* contra.

May 4, 1911.  PER CURIAM.  The defendants were con-
victed of the murder of E. M. Moye and sentenced to death.
The record for appeal to this Court contains the following
exceptions :

"His Honor erred in allowing a crowd, some of whom
were bent upon killing the prisoner, to take possession of
the courthouse and hold the same during the trial, occupying
every available space, including the bar reserved for the law-
yers to such an extent that the jurors were entirely cut off
from the view of counsel, and counsel had to request his
Honor on several occasions to cause the sheriff to clear away
the crowd that counsel might see the witness he was exam-
ining.  Thus in effect overawing the jury, and as such the
accused did not have that fair trial awarded them under the
Constitution and laws of the State.

"That defendants have not had a fair and impartial trial,
and have been convicted upon the testimony of Ham, an
accomplice alone, whose testimony is from the many contra-
dictory statements unworthy of belief.  That defendants'
counsel, hearing the reports upon the streets of lynching as
he went to the courthouse at the solicitation of the Special
Judge, and seeing the unusual crowd in the courthouse, did
not dare to ask for the three days allowed by law for fear of
the murder of his clients.  That from this fear he was
unable to get up any testimony in behalf of his clients, and
went into the trial without knowledge of his defense.  That
since the said trial, defendants' counsel has obtained the
affidavits of Sallie Weldon, the wife of Alex. Weldon, which

is incorporated in the case, tending to show an alibi for both of the defendants. That defendants' counsel knew nothing of this evidence, nor could he have known of the same unless he had insisted upon his three days, in which event, counsel fully believes that he would have endangered the lives of his clients if he had demanded his three days, and by reason thereof defandants have not had a fair trial."

As a basis for exceptions charging that the proceedings resulting in a verdict of conviction were so improper or irregular that they should be held not to constitute a fair and legal trial, a defendant should set out in the proposed case the facts relied upon; and if the case as so made up be not agreed to, it should be submitted to the Circuit Judge for settlement. In this case the defendants' counsel has submitted to this Court in support of his exceptions affidavits which have not been passed upon by the Circuit Judge by motion for a new trial or otherwise. As the lives of the defendants are involved, the Court will overlook all irregularities, and of its own motion refer the entire record to the Circuit Judge so that he may report fully upon all the matters alleged in the affidavits and exceptions.

It is, therefore, ordered that the clerk of this Court do transmit to the Hon. Geo. W. Brown, the Special Judge who presided at the trial, a copy of the entire record, together with a copy of this order, to the end that he may forthwith certify to this Court a statement of all the conditions surrounding the trial and the facts connected with the trial so far as they are germane to the exceptions above quoted and the matters alleged in the affidavits appearing in the record.